LEWIS E. MEDLIN, Respondent, v. MENDOTA COAL COMPANY, Appellant.

Kansas City Court of Appeals, January 22, 1912.

MASTER AND SERVANT: Coal Mine: Assuming Risk: Safe Place to Work. A coal miner of experience in running entries, was engaged by the owner to timber up the entry to make the roof safe in which work he had no experience. It was *held* that though he knew the work was being done to make the roof secure, yet if it was not so glaringly and obviously unsafe as to prevent an ordinarily prudent man from doing it, he does not assume the risk.

Appeal from Putnam Circuit Court.—*Hon. G. W. Wanamaker*, Judge.

AFFIRMED.

*J. C. McKinley* for appellant.

(1) The master is not an insurer of the safety of the servant. It is a well settled rule of law that if the work is of a dangerous character, and such danger is patent to the servant. he assumes the hazards and risks incident to such employment, and if injured thereby cannot recover of the master for such injuries. Watson v. Coal Co., 52 Mo. App. 366; Flynn v. Bridge Co., 42 Mo. App. 529; Fulger v. Bothe, 117 Mo. 475; Aldridge v. Furnance Co., 78 Mo. 559; Keegan v. Kavanah, 62 Mo. 230; Hulett v. Railway, 67 Mo. 239; Burns v. Railway, 129 Mo. 41; Devling v. Railway, 87 Mo. 545. (2) The master has the right to conduct his business in

his own way and in accordance with his own plans and is liable to the servant only for failure to discharge some duty he owes to the servant, and in cases like the present—mining in general and excavating—the servant assumes the ordinary risks and hazards incident to such employment, the existence of which are, or ought to be known to him. Bundell v. Mfg. Co., 189 Mo. l. c. 558; Bradley v. Railroad, 138 Mo. 293; Boomer v. Central Land Co., 69 Mo. 601. There can be no doubt but plaintiff knew of the danger and hazard incident to timbering the entry at the place where the injury occurred, while stated in his petition that he was unaware of same, and tried to maintain such position on the stand he admits (see abs. page 66) that he knew they begin timbering in such places when they show signs there is something wrong with the roof. And even though he had not admitted the fact —his statement to the contrary has no probative force in the face of the undisputed physical facts proved and admitted to be true in this case. His contentions that he did not know the place was dangerous, and did not know the timbers were placed to make the place safe is untrue and in the very nature of things can't be true and courts will not uphold a judgment based upon statements where the established physical facts, common observation and human experience all prove such statements untrue. Phippin v. Railway, 196 Mo. l. c. 343; Hayden v. Railroad, 124 Mo. 566; Kelsey v. Railroad, 129 Mo. 362; Huggart v. Railroad, 134 Mo. 679; Payne v. Railroad, 136 Mo. 583; Petty v. Railroad, 179 Mo. 666.

*N. A. Franklin, Campbell & Ellison* and *Smoot & Cooley* for respondent.

(1) A demurrer will not be sustained when, viewed in its most favorable aspect, plaintiff's evi-

dence, or his evidence aided by that of defendant, if any is offered, is sufficient to entitle him to a verdict. And he is entitled, moreover, to all inferences that may be reasonably drawn in his favor from the facts proved. Jordan v. Transit Co., 202 Mo. 418; Von Trebra v. Gaslight Co., 209 Mo. 648; Hall v. Compton, 130 Mo. App. 675. (2) Plaintiff did not assume the risk. The servant assumes only those risks that are ordinarily incident to the work, after the master has discharged his duty, but never assumes the risk due to or arising from the failure of the master to discharge his duty, that is from the master's negligence. Nor is he guilty of contributory negligence even where he knows danger to exist, unless it be so glaring and imminent as to threaten immediate injury. Jarrell v. Coal Co., 154 Mo. App. 552; George v. Railroad, 225 Mo. l. c. 405 to 410, and cases cited; Obermyer v. Chair Co., 229 Mo. 97; Swearingen v. Mining Co., 212 Mo. 524. (3) Plaintiff was working under the direction and supervision of defendant's foreman, had been told by the foreman, as well as by the one whom the foreman had ordered him to report to and work under, that the place was safe for him to work in, and he had a right to assume that the foreman had looked well to his safety. Smith v. Kansas City, 125 Mo. App. 150; Jarrell v. Coal Co., 154 Mo. App. 552, supra. Swearingen v. Mining Co., 212 Mo. 524, supra; Donahoe v. Kansas City, 136 Mo. 657; Jewell v. Kansas City, etc. Co., supra; Corby v. Telephone Co., supra; Herdler v. Bucks Stove & Range Co., 136 Mo. 3; Keilty v. Const. Co., 121 Mo. App. 58; Hall v. Water Co., 48 Mo. App. 356.

ELLISON, J.—Plaintiff was a coal miner in defendant's employ and was injured in the service. He brought this action for damages, grounded on the negligence of defendant in not providing him a safe

place in which to work, and obtained judgment in the trial court.

Plaintiff was hurt while timbering up the roof of an entry-way. He was cutting a place in the side of the entry in which to set props or uprights upon which to place cross pieces to support the roof.

Defendant asked for a peremptory instruction directing a verdict in its behalf. It was refused, and the propriety of that action of the court is the sole ground presented in this court against judgment. Counsel for defendant has argued, with much force, that no case was made by the plaintiff for the reason that plaintiff assumed the risk of injury from the employment in which he was engaged. It was shown on the cross-examination of plaintiff himself that he was an old miner of eighteen or twenty years experience, and that he knew that the work he was directed to do was to fix a place in an entry to make the roof safe so that it, or parts of it, would not fall. It was shown that he used a sledge in breaking away a place for the timber and that had a tendency to loosen the roof of the entry.

But it was likewise shown that while he was a man of experience in opening an entry, he had not had any previous experience in timbering so as to make an entry-way; and that he thought he could do this work without harm to himself. There was evidence further tending to show that he was a mere "helper" to one Hawkins, and that his work was done under the personal observation of Hawkins and the mine boss who had ordered the work done. It does not appear that the work was so glaringly and obviously dangerous as to prevent an ordinarily prudent man from engaging in its performance. In such circumstances the servant has a right to rely upon the superior judgment and information of the master.

While it is true, as stated in defendant's brief, that the master has a right to conduct his business in

his own way and in accordance with his own plans (Blundell v. Mfg. Co., 189 Mo. 552; Bradley v. Ry. Co., 138 Mo. 293); yet he cannot order his servant into a place he knows is unsafe, or ought to know it, and escape liability for injury, unless the servant had the same knowledge and went into it without care. In this case, though much to the contrary, yet there was evidence tending to prove that while plaintiff knew such a place was dangerous, yet he thought he could comply with defendant's order without injury to himself, and the place itself was not so glaringly dangerous as to have prevented him, as an ordinarily prudent man, from so thinking.

If there is an injustice in the judgment it is not the fault of the court but rather that of the jury, upon whom the responsibility as to facts is cast. After careful consideration, we conclude we are not authorized to disturb the result and hence affirm the judgment. All concur.